UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BOURNE VALLEY COURT TRUST,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.

    Defendants.

2:13-CV-00649-PMP-NJK

ORDER

Presently before the Court is Plaintiff Bourne Valley Court Trust's Motion for Summary Judgment (Doc. #45), filed on September 26, 2014. Defendant Wells Fargo Bank, N.A. filed an Opposition (Doc. #48) on November 3, 2014. Plaintiff Bourne Valley Court Trust filed a Reply (Doc. #51) on December 1, 2014.

**I. BACKGROUND**

This case involves a dispute over whether a foreclosure sale conducted by a homeowners' association ("HOA") to collect unpaid HOA assessments extinguishes all junior liens, including a first deed of trust. The property at issue, located at 410 Horse Pointe Avenue, Las Vegas, Nevada, previously was owned by Defendant Renee Johnson. (Mot. for Summ. J. (Doc. #45) ["MSJ"], Ex. 2 at 1.) The property was subject to a first deed of trust recorded in 2006, which identified Plaza Home Mortgage, Inc. as the lender. (Def. Wells Fargo Bank, N.A.'s Req. for Judicial Notice (Doc. #25) ["Req. for Judicial Notice"], Ex. B at 1.) On March 7, 2011, Plaza Home Mortgage, Inc. assigned the deed of

trust to Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  (Req. for Judicial Notice, Ex. C at 1.)  Later that same date, Plaza Home Mortgage, Inc. recorded a notice of default and election to sell based on Defendant Johnson's deed of trust.  (Req. for Judicial Notice, Ex. D.)

The property is subject to Covenants, Conditions and Restrictions ("CC&Rs") recorded in 2000 by The Parks Homeowners Association ("The Parks").  (Def. Wells Fargo Bank, N.A.'s Opp'n to Pl.'s Mot. for Summ. J. (Doc. #48) ["Opp'n"], Ex. B.)  In August of 2011, The Parks recorded a notice of delinquent assessment lien with respect to Johnson's property, and in October of 2011, The Parks initiated an HOA foreclosure sale of the property pursuant to Nevada Revised Statutes § 116.3116 et seq. to recover unpaid HOA assessments.  (Req. for Judicial Notice, Ex. F, Ex. G.)  The sale was conducted on May 7, 2012, at which Horse Pointe Avenue Trust purchased the property for $4,145.00.  (MSJ, Ex. 2.)  The HOA foreclosure deed was recorded with the Clark County Recorder on May 29, 2012.  (Id.)  The HOA foreclosure deed states that the foreclosure sale was conducted in compliance with all applicable notice requirements.  (Id. at 1.)  The same date, a grant deed from Horse Pointe Avenue Trust to Plaintiff Bourne Valley Court Trust ("Bourne Valley") was recorded with the Clark County Recorder.  (MSJ, Ex. 1.)  According to Wells Fargo, at the time of the HOA foreclosure sale, the property's assessed value was $90,543.00.  (Opp'n, Ex. A.)

Bourne Valley brought suit in Nevada state court on January 16, 2013, asserting claims for quiet title and declaratory relief against Defendants.  (Pet. for Removal (Doc. #1), Ex. A at 5-8, Ex. D at 4-6.)  According to Bourne Valley, the foreclosure deed extinguished Wells Fargo's deed of trust and vested clear title in Bourne Valley, leaving Wells Fargo nothing to foreclose.  (Id.)  Defendant MTC Financial Inc. removed the action to this Court on April 17, 2013.  (Pet. for Removal.)

///

Bourne Valley now moves for summary judgment on its claims, arguing Nevada Revised Statutes § 116.3116 and SFR Investments Pool 1, LLC v. U.S. Bank, N.A., 334 P.3d 408 (Nev. 2014), provide an HOA with a lien for nine months' worth of unpaid HOA assessments that is superior to the first deed of trust, commonly referred to as the "super priority lien." Bourne Valley further argues that SFR Investments clarifies that under § 116.3116, foreclosure of an HOA super priority lien extinguishes all junior liens, including a first deed of trust. Bourne Valley therefore contends that Wells Fargo's first deed of trust was extinguished by the HOA foreclosure sale and that title to the property should be quieted in Bourne Valley's name.

Wells Fargo responds that Bourne Valley is not entitled to summary judgment because it does not provide evidence indicating that the HOA sale complied with the notice requirements of Nevada Revised Statues Chapter 116. Wells Fargo further argues that the HOA foreclosure sale was commercially unreasonable and therefore was void. Wells Fargo also argues Bourne Valley is not a bona fide purchaser because it purchased the property with knowledge of the previously-recorded CC&Rs, which contain a mortgage protection clause stating that a lender's deed of trust cannot be extinguished by an HOA foreclosure sale to satisfy a lien for delinquent assessments. Finally, Wells Fargo argues that because Bourne Valley does not provide evidence the HOA complied with all statutory notice requirements, Bourne Valley has not demonstrated that constitutional due process requirements were met.

Bourne Valley replies that the recitals in the trustee's deed upon sale stating there was compliance with all statutory notice requirements are conclusive proof that the HOA complied with the notice requirements. Bourne Valley further argues that Wells Fargo does not provide any evidence indicating it did not receive the required statutory notices. Regarding Wells Fargo's argument that the HOA foreclosure sale was commercially unreasonable, Bourne Valley replies that Chapter 116 does not require an HOA foreclosure

sale to be commercially reasonable.  Bourne Valley further argues that the inadequacy of the price is not sufficient to void the HOA foreclosure sale when there is no evidence of fraud, procedural defects, or other irregularities in the conduct of the sale.  As for Wells Fargo's mortgage protection clause argument, Bourne Valley replies that the clause is unenforceable to the extent that it attempts to limit the super priority lien given to the HOA under § 116.3116.  Finally, regarding Wells Fargo's due process argument, Bourne Valley replies that no state action is involved in a nonjudicial HOA foreclosure sale.  Bourne Valley further argues the trustee's deed reciting compliance with all applicable notice requirements is conclusive proof that statutory notice requirements were met, and hence Wells Fargo received all process that was due.

**II. DISCUSSION**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id.  The Court views all evidence in the light most favorable to the non-moving party. Id.

**A. Notice**

Wells Fargo argues Bourne Valley is not entitled to judgment on its quiet title claim because Bourne Valley does not provide evidence indicating that the HOA sale

complied with the notice requirements of Chapter 116.  Bourne Valley contends that the recitals in the trustee's deed upon sale stating there was compliance with all statutory notice requirements are conclusive proof that the HOA complied with the notice requirements.  Bourne Valley further argues that Wells Fargo does not provide any evidence indicating it did not receive the required statutory notices.

The Nevada statutes and case law applicable in this case are clear and conclusive.  Section 116.3116(2) sets forth the priority of the HOA lien with respect to other liens on the property.  Pursuant to § 116.3116(2), the HOA lien is prior to all other liens on the property except:

> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . . ; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

Although § 116.3116(2)(b) makes a first deed of trust superior to an HOA lien, the last paragraph of § 116.3116(2) gives what is commonly referred to as "super priority" status to a portion of the HOA's lien which is superior to the first deed of trust:

> The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. . . .  This subsection does not affect the priority of mechanics' or materialmens' liens, or the priority of liens for other assessments made by the association.

Id. § 116.3116(2).

The Nevada Supreme Court recently held in SFR Investments that foreclosure of a super priority lien established pursuant to § 116.3116(2) extinguishes all junior interests, including a first deed of trust on the property.  334 P.3d at 410-14; see also 7912 Limbwood

5

Court Trust v. Wells Fargo Bank, N.A., 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013). SFR Investments resolves a previous division of authority among the Nevada state trial courts and decisions from the United States District Court for the District of Nevada on the question. 334 P.3d at 412.

To conduct a foreclosure on this type of lien, an HOA must comply with certain notice requirements at certain time intervals, including mailing a notice of delinquent assessment, recording and mailing a notice of default and election to sell, and providing notice of the time and place of the sale. Nev. Rev. Stat. §§ 116.31162-116.311635. Contrary to the argument advanced by Wells Fargo, a deed which recites that there was a default, that the notice of delinquent assessment was mailed, that the notice of default and election to sell was recorded, that 90 days have lapsed between notice of default and sale, and that notice of the sale was given, is "conclusive proof of the matters recited." Id. § 116.31166(1). A deed containing these recitals also "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons." Id. § 116.31166(2).

Here, the foreclosure deed recites as follows:

> Default occurred as set forth in the Notice of Default and Election to Sell which was recorded October 12, 2011 as instrument/document number 201110120001641 in the office of the Recorder of said County. After the expiration of ninety (90) days from the recording and mailing of the copies of the Notice of Default and Election to Sell, a Notice of Trustee's Sale was recorded on April 09, 2012 as instrument/document number 201204090000179 in the Office of the Recorder of said County and the Association claimant, The Parks Homeowners Association, demanded that such sale be made.
>
> All requirements of law regarding the recording and mailing of copies of the Notice of Delinquent Assessment, Notice of Default and Election to Sell, and the recording, mailing, posting and publication of copies of the Notice of Trustee's Sale have been complied with.

(MSJ, Ex. 2 at 1.) Given that the foreclosure deed recites there was a default, the proper notices were given, the appropriate amount of time has lapsed between notice of default and sale, and notice of the sale was given, under § 116.31166(1), the foreclosure deed

constitutes "conclusive proof" that the required statutory notices were provided. Bourne Valley therefore has met its burden of showing the required statutory notices were provided to Wells Fargo.

Once Bourne Valley met its burden of showing the required statutory notices were provided, Wells Fargo was required to come forward with evidence that a genuine issue of fact remains for trial as to notice. See Leisek, 278 F.3d at 898. Wells Fargo does not provide any evidence or even assert that it did not receive the required statutory notices. Nor does Wells Fargo point to any other procedural irregularities related to the HOA foreclosure sale that would explain Wells Fargo's failure to pay the HOA lien to avert its loss of security. See SFR Investments, 334 P.3d at 414; Limbwood, 979 F. Supp. 2d at 1149 ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest."). Therefore, no issue of fact remains as to whether the required statutory notices were provided. Given that Wells Fargo's due process arguments are premised on Bourne Valley not providing evidence that the statutory notice requirements were met, the Court likewise finds that no genuine issue of material fact remains as to whether Wells Fargo's due process rights were violated.

**B. HOA Foreclosure Sale**

Wells Fargo next argues that even if the HOA foreclosure sale extinguished its first deed of trust on the property, the HOA foreclosure sale was "commercially unreasonable" and therefore was void. (Opp'n at 5-7.) Specifically, Wells Fargo argues the HOA foreclosure sale was not conducted in good faith because "the HOA made no effort to obtain the best price or to protect either Johnson or Wells Fargo" by selling the property for $4,145.00 when the assessed value of the property was $90,543.00. (Id. at 7.) Bourne Valley replies that Chapter 116 does not require an HOA foreclosure sale to be commercially reasonable. Bourne Valley further argues that the inadequacy of the price is not sufficient to void the HOA foreclosure sale when there is no evidence of fraud,

7

procedural defects, or other irregularities in the conduct of the sale.

The commercial reasonableness here must be assessed as of the time the sale occurred. Wells Fargo's argument that the HOA foreclosure sale was commercially unreasonable due to the discrepancy between the sale price and the assessed value of the property ignores the practical reality that confronted the purchaser at the sale. Before the Nevada Supreme Court issued SFR Investments, purchasing property at an HOA foreclosure sale was a risky investment, akin to purchasing a lawsuit. Nevada state trial courts and decisions from the United States District Court for the District of Nevada were divided on the issue of whether HOA liens are true priority liens such that their foreclosure extinguishes a first deed of trust on the property. SFR Investments, 334 P.3d at 412. Thus, a purchaser at an HOA foreclosure sale risked purchasing merely a possessory interest in the property subject to the first deed of trust. This risk is illustrated by the fact that title insurance companies refused to issue title insurance policies on titles received from foreclosures of HOA super priority liens absent a court order quieting title. (Mot. to Remand to State Court (Doc. #6), Decl. of Ron Bloecker.) Given these risks, a large discrepancy between the purchase price a buyer would be willing to pay and the assessed value of the property is to be expected.

Moreover, Wells Fargo does not point to any evidence or legal authority indicating the Court must void an HOA foreclosure sale because the purchaser bid only a fraction of the property's assessed value. Wells Fargo does not point to evidence of fraud or any other procedural defects or other irregularities in the conduct of the sale that would require the Court to void the sale, or any evidence indicating the HOA acted in bad faith by selling the property for an amount that would satisfy the unpaid assessments. Nor does Wells Fargo point to evidence or legal authority indicating that beyond selling the property to the highest bidder, the HOA was responsible for protecting Wells Fargo and Johnson's interests in addition to the homeowners' interests. See Carmen v. S.F. Unified Sch. Dist., 237 F.3d

1026, 1028–31 (9th Cir. 2001) (stating that a court need not "comb the record" looking for a genuine issue of material fact if the party has not brought the evidence to the court's attention) (quotation omitted)).  Thus, no genuine issue of material fact remains as to whether the HOA foreclosure sale was commercially unreasonable.  Under the specific facts presented here, it was not.

### C.  CC&Rs

Wells Fargo argues Bourne Valley is not a bona fide purchaser because it purchased the property with knowledge of the previously-recorded CC&Rs, which contain a mortgage protection clause.  According to Wells Fargo, under the mortgage protection clause, its deed of trust cannot be extinguished by an HOA foreclosure sale to satisfy a lien for delinquent assessments.  Bourne Valley replies that the clause is unenforceable to the extent that it attempts to limit the super priority lien given to the HOA under § 116.3116.  The mortgage savings clause states as follows:

> [N]o lien created under this Article V [titled "Mortgage Protection"] or under any other Article of this Declaration, nor any lien arising by reason of any breach of this Declaration, nor the enforcement of any provision of this Declaration, shall defeat or render invalid the rights of the beneficiary under any Recorded Mortgage of first and senior priority now or hereafter upon a Lot, made in good faith and for value, perfected before the date on which the Assessment sought to be enforced became delinquent.

(Opp'n, Ex. B at § 5.08.)  The preceding section, titled "Unpaid Assessments," provides that liens for unpaid assessments "shall be created in accordance with NRS § 116.3116 and shall be foreclosed on in the manner provided for in NRS § 116.31162-116.31168 as is now or hereafter may be in effect."  (Id. at § 5.07.)

The Nevada Supreme Court held in SFR Investments that a mortgage protection clause does not affect the application of § 116.3116(2) in an HOA super priority lien foreclosure case.  334 P.3d at 419.  Specifically, "Chapter 116's 'provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as expressly provided in' Chapter 116."  Id. (quoting Nev. Rev. Stat. § 116.1104) (emphasis omitted).

9

"Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien." Id. (quoting Limbwood, 979 F. Supp. 2d at 1153).

Given that Chapter 116's requirements cannot be varied by agreement, the mortgage protection clause in the CC&Rs does not preserve Wells Fargo's security interest in the property. Morever, by the CC&R's plain language, in § 5.07 The Parks preserved its statutory super priority lien rights by reference to § 116.3116, which is the statutory section setting forth the relative priority of the HOA's super priority and the junior liens in relation to a first deed of trust. Thus, no genuine issue of fact remains as to whether the mortgage protection clause affects the application of § 116.3116 in this case. The Court therefore will grant Bourne Valley's Motion for Summary Judgment.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Bourne Valley Court Trust's Motion for Summary Judgment (Doc. #45) is GRANTED.

DATED: January 23, 2015

PHILIP M. PRO
United States District Judge