UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOURNE VALLEY COURT TRUST, | Case No. 2:13-CV-649 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bourne Valley Court Trust's motion to reconsider. (ECF No. 60). Defendant Wells Fargo Bank, N.A. filed a response (ECF No. 62), to which plaintiff replied (ECF No. 63).

On January 23, 2015, the court granted plaintiff's motion for summary judgment (ECF No. 45) and entered a judgment in favor of plaintiff and against defendant. (ECF Nos. 52, 53).

On February 6, 2015, defendant filed a notice of appeal, appealing the January 23rd judgment. (ECF No. 54). On August 12, 2016, the Ninth Circuit entered an opinion in favor of defendant. (ECF No. 59; 9th Cir. ECF No. 34).

On August 17, 2016, plaintiff filed the instant motion to reconsider in this court, seeking reconsideration of the court's May 29, 2013, order (ECF No. 12) denying plaintiff's motion to remand to state court (ECF No. 6). (ECF No. 60). In particular, plaintiff requests a certification from this court of its intent to modify or vacate its May 29th order pursuant to Federal Rule of Civil Procedure 60 and *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110 (9th Cir. 2016). (ECF No. 60).

Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal. *See Mayweathers v. Newland*, 258 F.3d 930, 935

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 2001); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*).  Federal Rule of Civil Procedure 62.1, however, provides that if a motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantive issue.

Fed. R. Civ. P. 62.1(a).

In light of the foregoing, the court declines to issue a certification regarding its May 29th order denying plaintiff's motion to remand to state court and will deny plaintiff's motion to reconsider.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reconsider (ECF No. 60) be, and the same hereby is, DENIED.

DATED December 9, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -