# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOURNE VALLEY COURT TRUST,<br><br>               Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>               Defendants. | Case No. 2:13-cv-00649-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Stay Discovery (ECF No. 142), filed on May 4, 2018. Plaintiff Bourne Valley Court Trust filed its Opposition (ECF No. 143) on May 18, 2018 and Defendant Wells Fargo filed its Reply (ECF No. 147) on June 1, 2018.

This matter arises from claims for quiet title and declaratory relief as it relates to non-judicial foreclosure of real property located in North Las Vegas, Nevada. Defendant Wells Fargo requests a stay of discovery pending a decision on its motion for summary judgment. Defendant argues that Freddie Mac's deed of trust could not have been extinguished as the Federal Foreclosure Bar preempts the Nevada HOA foreclosure statute and that the Ninth Circuit has held that a Freddie Mac protected property interest survives an HOA sale when a servicer or nominee acting on behalf of Plaintiff appears as record deed of trust beneficiary. *See Motion to Stay* (ECF No. 142), 2. *See also Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426 (9th Cir. 2017); *Saticoy Bay, LLC v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017). Plaintiff argues that it did not file a motion for summary judgment prior to discovery, unlike the Plaintiff purchaser in *Berozovsky*, and that it should be able to conduct discovery regarding the property interest and sufficiency of business records of Defendant Wells Fargo and Freddie Mac. *See Opposition* (ECF No. 143), 4-10.

1

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. See *Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. See *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

After conducting its "preliminary peek" of Defendant's motion for summary judgment, the Court finds that a stay of discovery is warranted. First, the pending motion for summary judgment, if granted, may resolve the primary issues raised in Plaintiff's Complaint. Second, although Plaintiff argues that there are factual issues remaining regarding Defendant's property interest, the Court finds that the motion for summary judgment can be decided without additional discovery. Defendant submitted business records and a sworn declaration of an employee of Freddie Mac confirming the date of its acquisition and interest in the subject loan at the time of the HOA sale. The remaining issues are questions of law regarding the court's interpretation of the federal foreclosure bar and its preemptive effect on Nevada law. *See Bank of Am., N.A. v. Terraces at Rose Lake Homeowners Ass'n*, 2017 WL 7037740, at *2 (D. Nev. Oct. 26, 2017). Finally, the

. . .

. . .

Court is convinced that a stay of discovery is warranted based upon the merits of Defendant's motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Stay Discovery (ECF No. 142) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall file a proposed discovery plan and scheduling order within 14 days of the court's ruling on Defendant's pending motion for summary judgment in the event any of the parties' claims survive.

Dated this 17th day of July, 2018.

_____
GEORGE FOLEY, JR
UNITED STATES MAGISTRATE JUDGE