James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOURNE VALLEY COURT TRUST, | Case No. 2:13-CV-649 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment. (ECF No. 136). Plaintiff Bourne Valley Court Trust ("Bourne Valley") filed a response (ECF No. 157), to which Wells Fargo replied (ECF No. 162).

Also before the court is Bourne Valley's motion for summary judgment. (ECF No. 153). Wells Fargo filed a response (ECF No. 156), to which Bourne Valley replied (ECF No. 164).

Also before the court is Bourne Valley's motion for Federal Rule of Civil Procedure 56(d) relief. (ECF No. 158). Wells Fargo filed a response. (ECF No. 163). Bourne Valley has not filed a reply and the time to do so has passed.

**I.     Facts**

This action arises from a dispute over real property located at 410 Horse Point Avenue, Las Vegas, Nevada (the "property"). (ECF Nos. 1, 48).

Renee Johnson purchased the property on or about September 7, 2001. (ECF No. 153-3). On or about March 1, 2006, Johnson refinanced the property with a loan in the amount of $174,000.00 from Plaza Home Mortgage, Inc. ("Plaza"). (ECF No. 153-5). Plaza secured the loan with a deed of trust, which names Plaza as the lender, Lawyer Title as the trustee, and

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*.

On or about June 13, 2006, Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the loan, thereby acquiring ownership of the deed of trust. (ECF No. 136-1). On February 24, 2011, MERS assigned the deed of trust to Wells Fargo, Freddie Mac's authorized servicer of the loan. (ECF Nos. 136-1, 136-3)

On August 30, 2011, Parks Homeowners Association ("Parks"), through its attorney, recorded a notice of delinquent assessment lien ("the lien") against the property for Johnson's failure to pay Parks in the amount of $1,298.57. (ECF No. 153-12). On October 12, 2011, Parks recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,275.70 as of October 6, 2011. (ECF No. 153-15).

On April 9, 2012, Parks recorded a notice of trustee/foreclosure sale against the property. (ECF No. 153-17). On May 7, 2012, Parks sold the property in a nonjudicial foreclosure sale to Horse Pointe Avenue Trust ("Horse Pointe") in exchange for $4,145.00. (ECF No. 136-17). On May 29, 2012, Bourne Valley acquired the property via a grant, bargain, sale deed. (ECF No. 136-18).

On January 16, 2013, Bourne Valley initiated this action in Nevada state court, requesting that the state court quiet title the property in Bourne Valley's favor. (ECF No. 1-1). On April 17, 2013, defendants removed this action to federal court. (ECF No. 1).

On August 1, 2018, Wells Fargo filed an answer to Bourne Valley's amended complaint, asserting six counterclaims: (1) quiet title; (2) declaratory relief pursuant to 12 U.S.C. § 4617(j)(3); (3) quiet title pursuant to 12 U.S.C. § 4617(j)(3); (4) wrongful foreclosure; (5) violation of NRS 116.1113 *et seq.*; and (6) unjust enrichment. (ECF No. 78).

Now, the parties have filed cross-motions for summary judgment. (ECF Nos. 136, 153).

## II.  Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

**James C. Mahan**
**U.S. District Judge**

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

1    In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As a preliminary matter, Bourne Valley requests that the court delay adjudicating Wells Fargo's motion for summary judgment so that Bourne Valley can depose a Rule 30(b)(6) witness. (ECF No. 158). Bourne Valley claims that the witness has information on Freddie Mac's interest in the loan and that Bourne Valley needs that information in order to adequately respond to Wells Fargo's motion. *Id.* However, the case record, which contains over one hundred exhibits, adequately informs the court about Freddie Mac's interest in the loan so as to preclude any genuine dispute of material fact. Accordingly, the court will deny Bourne Valley's motion for Rule 56(d) relief and proceed to adjudicate the cross-motions for summary judgment.

Wells Fargo argues that the court should set aside the foreclosure sale because 12 U.S.C. § 4617(j)(3) ("the federal foreclosure bar") preempts contrary state law. (ECF No. 21). Bourne Valley argues that the statute of limitations bars Wells Fargo's quiet title claim pursuant to 12 U.S.C. § 4617(j)(3). (ECF No. 153).

NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. 11.070. Horse Pointe recorded the deed of foreclosure sale with the Clark County recorder's office on May 29, 2012. (ECF Nos. 20, 27). Bourne Valley brought this lawsuit seven-to-eight months later, on January 16, 2013. (ECF No. 1-1). About five and a half years after Horse Pointe recorded

James C. Mahan
U.S. District Judge

- 4 -

the deed of foreclosure sale, Wells Fargo filed its answer and asserted its claim for quiet title pursuant to 12 U.S.C. § 4617(j)(3). (ECF No. 78).

Wells Fargo's quiet title claim is a compulsory counterclaim because it arises from the same foreclosure sale that gives rise to Bourne Valley's causes of action. *See* Fed. R. Civ. P. 13(a) (a party must assert a counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing parties claim . . ."). Because "a compulsory counterclaim relates back to the filing of the original complaint," Wells Fargo asserted its claim for quiet title pursuant to 12 U.S.C. § 4617(j)(3) within the five-year limitations period. *Religious Tech. Center v. Scott*, 82 F.3d 423 (9th Cir. 1996), *as amended on denial of reh'g* (July 5, 1996) (unpublished disposition) (citing *Employers Ins. v. Wausau v. United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985)).

As for the federal foreclosure bar, the Housing and Economic Recovery Act ("HERA") established Federal Housing Finance Agency ("FHFA") to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac acquired ownership of the underlying loan on or about June 13, 2006. (ECF No. 136-1). Further, on February 24, 2011, Wells Fargo acquired all beneficial interest in the deed of trust via an assignment. (ECF Nos. 136-1, 136-3). Wells Fargo acted as a contractually authorized servicer of the loan on behalf of Freddie Mac, the owner of the note and deed of trust. (ECF No. 136-3). Pursuant to § 4617(b)(2)(A)(i), FHFA, as conservator, immediately succeeded to all rights, titles, powers, and privileges of Freddie Mac. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Therefore, FHFA held an interest in the deed of trust as conservator for Freddie Mac prior to the foreclosure sale on May 7, 2012.

FHFA did not consent to the extinguishment of Freddie Mac's property interest through the foreclosure sale. Bourne Valley argues that FHFA has affirmative rights and duties, and a failure to appear at the foreclosure sale or pay the superpriority lien prior to the sale constituted consent to the foreclosure. *See* (ECF No. 157). However, pursuant to the Ninth Circuit's recent decision in *Berezovsky*, § 4617(j) imposes no such duties on the FHFA, and the plain language of § 4617(j)(3) prevents a foreclosure sale pursuant to NRS 116.3116 *et seq.* from extinguishing the deed of trust. *See Berezovsky*, 869 F.3d at 929, 931.

Freddie Mac obtained its interest in the property prior to the foreclosure sale. As Freddie Mac was subject to conservatorship at the time of the alleged foreclosure, and the agency did not consent to foreclosure, Freddie Mac's interest in the property survived the foreclosure sale. Thus, Wells Fargo is entitled to summary judgment on their declaratory relief and quiet title claims.[1]

---

[1] The court will not address the litigants' remaining claims as they are no longer pertinent to the adjudication of this action.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo's motion for summary judgment (ECF No. 136) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Bourne Valley's motion for summary judgment (ECF No. 153) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Bourne Valley's motion for Federal Rule of Civil Procedure 56(d) relief (ECF No. 158) be, and the same hereby is, DENIED

The clerk shall enter judgment accordingly and close the case.

DATED January 10, 2019.

_____
UNITED STATES DISTRICT JUDGE